UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 6:19-cv-00058-REW-EBA

STEPHON SLONE, JR.                                                                                           PETITIONER,

v.                                              **RECOMMENDED DISPOSITION**

DEEDRA HART, *Warden*,                                                                              RESPONDENT.

\*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

Stephon Slone is an inmate at the Kentucky State Penitentiary serving a twenty-year sentence for violations of state law. [R. 16-2 at p. 5]. He filed the instant action pursuant to 28 U.S.C. § 2254, raising four claims of ineffective assistance of his trial and appellate counsel: (1) trial counsel's failure to allow Slone to testify at trial; (2) that the jury saw Slone shackled while he was being loaded into the jail transport van; (3) that trial counsel was ineffective in failing to subpoena the victim's mother; and, (4) that appellate counsel was ineffective in failing to raise the issue of the victim's alleged perjured trial testimony on appeal. The United States contends that Slone's petition is untimely. [R. 16 at p. 16]. For the reasons that follow, the Court agrees, and will recommend that Slone's petition be denied.

I. ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a one-year limitations period applies to § 2254 petitions. For purposes of this Recommendation, the applicable provision states that the one year period within which to file a petition begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

In this case, Slone was sentenced by the court on June 20, 2013. [R. 16-2 at p. 6]. A sentence is considered a "final judgment" under §2244(d)(1)(A). *Burton v. Stewart*, 549 U.S. 147, 156 (2007); *see also Berman v. United States*, 302 U.S. 211, 212 (1937). Slone then timely appealed his case directly to the Kentucky Supreme Court in accordance with Ky. R. Crim. P. 12.02. On October 23, 2014, the Supreme Court of Kentucky affirmed Slone's conviction. [R. 16-2 at p. 113]. He then had 90 days to seek a writ of certiorari before the United States Supreme Court under Supreme Court Rule 13(1), a period of time during which the one year limitations does not run *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000). Because Slone did not file a petition for writ of certiorari his conviction became final, and the one-year period to file the present motion to vacate under 28 U.S.C. § 2254, began to run on January 22, 2015, the day after his deadline to file a petition for a writ of certiorari. Slone's time to file then ran for 231 days until September 10, 2015,[1] when he filed his RCr 11.42 motion in Perry Circuit Court. [R. 16-3 at p. 27]. Under 2244(d)(1)(D), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Thus, Slone's time to file the instant petition was tolled until the resolution of his RCr 11.42 motion.

Slone's RCr 11.42 motion was denied by the trial court in an order entered on February 10, 2017. [R. 16-3 at . 86]. He appealed that ruling to the Kentucky Court of Appeals, where the

---

[1] Slone's RCr 11.42 motion was not filed in Perry Circuit Court until October 6, 2015. [R. 16-3 at p. 133]. However, it included a "notice" that it was mailed on September 10, 2015. [R. 16-3 at p. 27-28]. Under the "prison mailbox rule," Slone's RCr 11.42 motion was deemed "filed" on the day it was placed in the prison mail system. *See Hallum v. Commonwealth*, 347 S.W.3d 55, 56 (Ky. 2011); *Anderson v. Commonwealth*, No. 2012-CA-001869-MR, 2014 Ky. App. Unpub. LEXIS 168, at *14-15 (Ct. App. Feb. 28, 2014) (applying prison mailbox rule to a RCr 11.42 motion). Thus, the filing date of Slone's RCr 11.42 motion is September 10, 2015.

decision was affirmed on March 30, 2018. [R. 16-3 at p. 137]. Slone sought review from the Supreme Court of Kentucky, who denied discretionary review on September 19, 2018. [R. 16-3 at p. 203]. The denial of discretionary review triggered the running of the time period to file, with 134 days remaining. *See* Ky. R. Crim P. 12.05; Ky. R. Civ. P. 76.30(2)(b) (an order from the Kentucky Supreme Court denying discretionary review "becomes final immediately upon denial of the motion"); *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003) (the statute does not start anew, but rather is merely tolled pending the post-conviction proceedings).

The deadline to file then expired on January 31, 2019. Slone's petition was filed February 21, 2019. Thus, the petition is untimely.

EQUITABLE TOLLING

In addressing the timeliness of his motion to vacate, Slone maintains that his petition was timely filed. [R. 23 at p. 1-2]. In the alternative, he argues that he is entitled to equitable tolling due to "extraordinary circumstances beyond a prisoner's control which make it impossible to file a petition on time." [R. 23 at p. 2]. To the extent that he invokes the doctrine of equitable tolling to excuse the late filing, the Court finds the argument without merit.

The Petitioner bears the burden of showing that he is entitled to equitable tolling. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). Since the AEDPA statute of limitations is not jurisdictional, this tolling doctrine is applicable in rare circumstances. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) (citing *Day v. McDonough*, 126 S. Ct. 1675, 1681 (2006)); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). Equitable tolling should only be used "when a litigant's failure to meet a legally-mandated deadline

unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks omitted).

The Sixth Circuit has held that a petitioner is entitled to equitable tolling only if he shows that: "(1) he has been pursuing his rights diligently, and that (2) some extraordinary circumstance stood in his way and prevented timely filing." *Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013) (quoting *Holland*, 560 U.S. at 649 (2010)). The second element of this two-part test is satisfied "only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe v. United States*, 136 S. Ct. 750, 756 (2016). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003). Thus, where a petitioner seeks to prove that some extraordinary circumstance justifies equitable tolling, he must demonstrate that the extraordinary circumstance affected his ability to timely file a habeas petition. *Robertson*, 624 F.3d at 785. For example, "[c]ourts have consistently held that general allegations of placement in segregation and lack of access to legal materials are not exceptional circumstances warranting equitable tolling, especially where the petitioner does not sufficiently explain why the circumstances he describes prevented him from timely filing a habeas petition." *Andrews v. United States*, 2017 WL 6376401, at *2 (6th Cir. December 12, 2017). Additionally, this Court has previously found that equitable tolling was inapplicable when a petitioner was transferred to state custody and waited six months after returning to federal custody before seeking collateral relief. *United States v. Magiera*, No. 12-32, 2014 WL 5364799, at *3-4 (E.D. Ky. Oct. 21, 2014) ("institutional transfers, periods of confinement under more restrictive conditions than the general

population, and a lack of ready access to legal paperwork and law libraries are not 'extraordinary circumstances'; they are the usual incidents of prison life").

Slone argues that frequent lockdowns in the prison and the limited hours of operation of the Kentucky State Police legal office have prevented him from timely filing his petition. [R. 23 at p. 2-5]. However, as discussed above, courts have consistently held that lockdowns and inadequate access to legal materials do not constitute an "extraordinary circumstance" for the purpose of equitable tolling. Thus, Slone has failed to demonstrate facts necessary to invoke the doctrine of equitable tolling and his petition remains untimely.

ACTUAL INNOCENCE

Finally, although untimely, Slone may be able to maintain the present petition on the claim that he is, in fact, actually innocent. Under *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005), a showing of actual innocence will toll the limitations period established in 28 U.S.C. §§ 2244(d)(1) and 2255. *Id*. at 597 n.12. "Where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through [AEDPA's] gateway and argue the merits of his underlying constitutional claims." *Id*. at 602.

However, this exception requires Slone to present new evidence that demonstrates factual innocence, i.e., that the petitioner "did not commit the acts forming the basis for his conviction." *Ross v. Berghuis*, 417 F.3d 552, 555-56 (6th Cir. 2005). In this case, Slone presents no new evidence to demonstrate that he is factually innocent of the charges to which he plead guilty. As a

result, and without such a showing, there is no basis to find that the statute of limitations does not act as a bar to his petition.

## II. RECOMMENDATION

In conclusion, Slone's petition is untimely under the AEDPA one-year statute of limitation. Further, Slone failed to show that he was entitled to equitable tolling or that he was actually innocent. Thus, having reviewed the current petition in accordance with Rule 10 of the Rules Governing Section 2254 Habeas Cases, IT IS RECOMMENDED that Slone's habeas petition [R. 1] be DISMISSED WITH PREJUDICE.

*****

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed with the Clerk of the Court within fourteen days of the date of service or further appeal is waived. FED. R. CIV. P. 72(b)(2); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of written and specific objections. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are not sufficient to preserve the right of appeal. *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991). A party may respond to another party's objections within fourteen days of being served with a copy of those objections. FED. R. CIV. P. 72(b)(2).

Signed February 17, 2021.



Signed By:
*Edward B. Atkins* *EBA*
United States Magistrate Judge