UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| STEPHON SLONE, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 6:19-CV-58-REW-EBA |
| v. | ) | |
| | ) | |
| DeEDRA HART, WARDEN, | ) | ORDER |
| | ) | |
| Respondent. | ) | |

\* \* \* \* \* \* \* \* \* \*

On February 21, 2019,[1] *pro se* Petitioner Stephon Slone, Jr. filed a petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. DE 1. Warden Hart responded, arguing in part that the petition was untimely under 28 U.S.C. § 2244 and must be dismissed. DE 16. Slone replied, arguing that his petition was timely filed under the statutory analysis or, alternatively, that the Court should accept his petition as timely under the principles of equitable tolling or the actual innocence gateway. DE 23. Magistrate Judge Atkins, on standing referral, reviewed the record and recommended that Slone's petition be dismissed with prejudice. Judge Atkins found the petition untimely and rejected the alternative timeliness theories presented. DE 26 at 6. Judge Atkins informed Slone of his right to object to the recommendation under 28 U.S.C. § 636(b)(1). *Id.* at 6. The case involved a bumpy procedural trip to the Circuit, DE 38, but in the end Slone objects to the recommendation on three grounds. DE 32. The Court reviews de novo the aspects of Judge Atkins's recommended disposition to which Slone objects. Fed. R. Civ. P. 72(b)(3); § 2254 Rule 8(b).

---

[1] Applying mailbox rule credit.

1

By way of background, Slone stands jury-convicted of rape and PFO in Robertson Circuit Court. His merits claims involve *Strickland* allegations (*e.g.*, that his lawyer improperly blocked Slone's testimony, that his lawyer did not call a particular witness, that his appellate lawyer failed to raise an argument) and a trial fairness claim (*i.e.,* that one or more jurors viewed Slone in the prison van, perhaps shackled). *See* DE 1. Judge Atkins secured full briefing but ultimately recommended a procedural disposition, that Slone filed untimely and that no equitable or other ameliorative theory spared the claims. DE 26.

Importantly, Slone does not now claim he timely filed. The chronology shows that the one-year clock started on January 21, 2015, ninety days after finality of the direct appeal. *See* DE 16-2 at 113–33 (Kentucky Supreme Court Opinion, October 23, 2014). It ran until Slone's state 11.42 filing on September 10, 2015, which tolled matters until September 19, 2018, when the Supreme Court of Kentucky denied discretionary review of Slone's unsuccessful 11.42 appeal. *See* DE 16-2 at 1–27 (RCr 11.42 Motion) & 203 (Order Denying Discretionary Review). Slone filed federally on February 21, 2019.DE 1. He missed the one-year § 2244(d)(1) mark by three weeks. Judge Atkins properly so found, and Slone does not contest the conclusion now. This is important to note because the earlier briefing showed that Slone mistakenly believed he had an extended window of statutory tolling related to the cert period after the Kentucky 11.42 denial. *See* DE 23 at 2. This understanding was faulty. *See Wilson v. Perry*, No. 17-1314, 2017 WL 8294294, at * 2 (6th Cir. Oct. 3, 2017) (noting that period for cert petition, as to post-conviction denial, "does not toll the limitations period"). Slone plainly worked from the assumption that he had more time than he actually did.

His effort to preserve the petition focuses now on equitable tolling and an actual innocence foray. Judge Atkins rejected each, drawing Slone's objections.

I.  **Objection 1: Misapplication of Equitable Tolling Principles**

Slone argues that Judge Atkins misapplied the equitable tolling principles in *Holland v. Florida*, 130 S. Ct. 2549 (2010). DE 32 at 1–3. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814 (2005)) (internal quotation marks removed). Slone asserts that Judge Atkins did not sufficiently address each of the extraordinary circumstances that Slone alleges. He points specifically and critically to Judge Atkins's citations to *Andrews v. United States* and *United States v. Magiera*, which provide that "general allegations of placement in segregation and lack of access to legal materials" are unexceptional, *Andrews*, No. 17-1693, 2017 WL 6376401, at *2 (6th Cir. Dec. 12, 2017), and "institutional transfers, periods of confinement under more restrictive conditions than general population, and lack of ready access to legal paperwork and law libraries are not extraordinary circumstances; they are usual incidents of prison life." *Magiera*, No. 2:12-32-DCR, 2014 WL 5364799, at *6 (E.D. Ky. Oct. 21, 2014) (internal quotation omitted); DE 26 at 4–5. According to Slone, Judge Atkins's reliance on *Magiera* is misplaced (or perhaps, incomplete) because it does not address the full catalog of Slone's specific alleged extraordinary circumstances (frequent lockdowns and limited hours of operation in the Kentucky State Penitentiary legal office). DE 32 at 3.

These citations, of course, constitute examples of circumstances that courts have found not to support equitable tolling, not an exhaustive list. "The doctrine of equitable tolling allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (quoting *Graham–Humphreys v. Memphis Brooks Museum of Art,*

*Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2000)). Here, though the lockdowns and reduced access to the legal office were out of Slone's control, his failure to meet the deadline was hardly unavoidable. Slone lists 31[2] days during which the facility was in lockdown and 8 additional days during which the KSP legal office was closed, totaling 39 days during which Petitioner claims he could not work on his petition.[3] DE 23 at 3–4. By Slone's own admission, he was not attempting to work on his petition during many of those days. *Id.* at 3. Further, many of the listed dates fall within a tolled period. The Court counts only around 19 days, during the non-tolled period and pre-filing, that Slone avers actual and relevant lack of access.

This peppering of lockdown days and legal office closures in 2018 and 2019 does not amount to extraordinary circumstances that call for equitable tolling. A filer must act with appropriate diligence, and Slone does not show that prison circumstances outside his control foreclosed or prevented timely filing. By the time of the state discretionary review denial, Slone should have had his claims well-documented and defined, and certainly the smattering of lockdown days or days of compromised access (from September to January) due to institutional management issues did not prevent him from filing timely. *See Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 752 (6th Cir. 2011). The Circuit has repeatedly stressed that the access limits incident to prison life are not, themselves, adequate to invoke the doctrine; this case is no different. *Ruffin v. Kudley*, No. 19-3534, 2020 WL 7062665, at *3 (6th Cir. Sept. 1, 2020) ("In addition, Ruffin's placement on lockdown and limited access to a law library are not extraordinary circumstances that warrant equitable tolling."); *Harris v. Marquis*, No. 17-3326, 2017 WL

---

[2] Slone lists a total of 59 lockdown dates, however, 28 of those dates were after his petition was filed and are thus irrelevant to the issue of equitable tolling.

[3] The Court gleans these totals from the dates that Slone lists in his reply. Slone states that there were 60 lockdown days and 7 legal office closure days. DE 23 at 3–4. Any slight variation in the number of days lost does not affect the Courts analysis.

4404631, at *1–2 (6th Cir. Sept. 28, 2017) ("Finally, reasonable jurists would not debate the district court's conclusion that Harris is not entitled to equitable tolling based on his asserted inability to access the prison law library while he was on lockdown status.").

Remember, equitable tolling puts the burden on Slone to show diligent action, extraordinary circumstances, and a causal link to untimeliness. Slone burned about 231 days in advance of his 11.42 filing. During that period, of course, he developed the claims alleged, and that same development should have readied his federal efforts. Then, he waited 155 days after the state discretionary review denial to file federally. He does not account for what he did during that time, instead focusing only on the few days he could not get to the library. With the full state record and an adjudicated slate of *Strickland* and other claims in hand by fall of 2018, Slone does not make a cogent case that access limits *kept him* from timely filing the petition. Instead, as noted earlier, Slone thought falsely that he had the ninety-day buffer for the second cert denial period. This empties the diligence showing, and the overall chronology establishes that Slone indeed could have filed on time. Simply put, he has not justified equitable tolling, a rare and unlikely remedy under the taxing standard.

Thus, equitable tolling does not apply.

## II.    Objection 2: Factual Error

Slone's second objection is to Judge Atkins's reference to Slone pleading guilty to the charges of which he was convicted. DE 32 at 3–4. Indeed, Slone was found guilty of said charges at a jury trial. *See* DE 1-1 at 2 ("Slone was tried and found guilty of rape in the first degree of a minor child. He was also convicted on a charge of being a persistent felony offender, second degree."). This harmless factual error, though here noted, does not affect the analysis of the Petition.

### III. Objection 3: Actual Innocence

Finally, Slone objects to Judge Atkins's recommended disposition on the grounds that the untimeliness of his petition should be excused because he qualifies for AEDPA's actual innocence gateway. DE 32 at 4. The path through this gateway is narrow. "The threshold inquiry is whether new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005) (citing *Schlup v. Delo*, 115 S. Ct. 851, 862 (1995)) (internal quotation marks omitted).

The actual innocence portal has a standard that is "'demanding' and seldom met." *House v. Bell*, 126 S. Ct 2064, 2077 (2006). Indeed, "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.' *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The Court sees no "new" evidence here, and Slone points to none. He does claim to be innocent of the crime, and he complains, perhaps, about how his lawyer presented, marshaled, or advocated with respect to physical and motive evidence concerning the victim. The proof, however, was available at the time of trial. Indeed, the Kentucky Supreme Court's affirming decision on direct appeal discussed the physical evidence, the victim's intact hymen, and the full range of credibility attacks centered on the victim's consistency and motives. DE 16-2 at 116. The theory Slone pursues is not in keeping with *McQuiggin*, which does require new evidence, not new theories for evidence already in hand. *See Denton v. Davids*, No. 20-1566, 2020 WL 7346479, at *1 (6th Cir. Oct. 2, 2020) ("And Denton is not entitled to an equitable exception to the limitations period as discussed in *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013), because Dr. Gomez's report is not new evidence, given that the substance of the report was presented at trial, *see Cleveland v. Bradshaw*, 693 F.3d 626, 633 (6th

6

Cir. 2012)[.]"), *cert. denied*, No. 20-7653, 2021 WL 2302036 (U.S. June 7, 2021). As such, Judge Atkins was correct in his treatment, and the Court finds the actual innocence gateway closed in this case.

### IV. Conclusion

Accordingly, the Court, rejecting the objections, **ADOPTS** DE 26 and further **DENIES** a certificate of appealability.[4] A Judgment to this effect follows.

This the 29th day of July, 2021.

Signed By:
*Robert E. Wier* REW
United States District Judge

---

[4] The Court denies issuance of a certificate because the timeliness result is not, on this record, fairly debatable. *See Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000) (requiring a petitioner to demonstrate, when a court dismisses on procedural grounds, that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"). The procedural result is beyond fair debate, and the case merits no appealability certificate. It is time-barred, and the extraordinary benefits of tolling or an innocence exception plainly do not obtain.